IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED

2012 JAN 19 A 9: 33

| | |
|---|---|
| Tony Rush,<br>              Plaintiff,<br><br>v.<br><br>Dennis Patterson, individually and as<br>Director of Operations; Warden McKither<br>Bodison; Fred Thompson, A/W; James<br>Blackwell, DHO; Richard Turner, DHO;<br>Warden Michael McCall, each in his<br>individual capacity,<br>              Defendants. | Case No. 8:10-1937-RMG-JDA<br><br>**ORDER** |

      In this *pro se* action, Plaintiff alleges that Defendants violated his civil rights and that he is entitled to relief pursuant to 42 U.S.C. §1983. Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(b)(2)(d)&(e), DSC, the case was automatically referred to the United States Magistrate Judge for all pretrial proceedings and a Report and Recommendation. On March 17, 2011, Defendants filed a motion for summary judgment, and on March 18, 2011, Defendants filed a supplement to their motion for summary judgment. (Dkt. Nos. 46, 49). On April 22, 2011, Plaintiff filed a cross motion for partial summary judgment, in which Plaintiff responded to Defendants' motion for summary judgment and requested partial summary judgment. (Dkt. No. 55). On May 9, 2011, Defendants filed a response in opposition to Plaintiff's cross motion for partial summary judgment, and on May 20, 2011, Plaintiff filed a reply to Defendants' response. (Dkt. Nos. 60, 62).

      On November 30, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant the Defendants' motion and deny Plaintiff's motion. (Dkt. No. 63). On December 19, 2011, Plaintiff filed objections to the Report and Recommendation.

(Dkt. No. 68). As explained herein, the Court agrees with the conclusion of the Magistrate's Report and Recommendation and therefore grants Defendants' motion and denies Plaintiff's motion.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and this court may "accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis,* 718 F.2d 198 (4th Cir. 1983).

Plaintiff, who has at all times relevant to this action been incarcerated with the South Carolina Department of Corrections ("SCDC"), alleges that Defendants violated his due process rights during a disciplinary proceeding at the prison. (Dkt. No. 1). Plaintiff was charged with, and found guilty of, assisting in a homicide which occurred in the prison. His sanction was a loss of 30 days of good time credit, loss of 540 days of canteen, telephone and visitation privileges and 360 days of disciplinary detention. Plaintiff alleges that Defendants wrongfully refused Plaintiff's requests to call live witnesses to testify at the disciplinary hearing and to allow Plaintiff to present documentary evidence at the disciplinary hearing. (*Id.* at 5-6). Plaintiff also alleges that Defendant Bodison "falsified his report and was lying in his testimony." (*Id.* at 6).

In order to prevail on either a procedural or substantive due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). None of Plaintiff's allegations could be construed as alleging a deprivation of life or property as those terms are used in this context. Further, even assuming, *arguendo*, that Plaintiff's punishment for the institutional charge constitutes a deprivation of Plaintiff's liberty and triggers due process rights, the Court finds that Plaintiff received appropriate due process at his disciplinary hearing.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court considered how prison disciplinary proceedings must be structured in order to comport with the demands of the Due Process Clause of the Fourteenth Amendment. The Court emphasized that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id.* The Court ultimately set forth five requirements of due process in a prison disciplinary proceeding where a liberty interest is at stake: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. *Id.* at 563-70.

Here, Defendants argue, as set forth in the affidavit of the SCDC Operations Coordinator, that they followed an established inmate disciplinary process in conducting the disciplinary

hearing and considering the appeals relating to Plaintiff's charge. (Dkt. No. 46-2 at 3-4). With regard to the five requirements set forth in *Wolff*, Plaintiff only alleges that he was denied the opportunity to call witnesses and present documentary evidence in violation of requirement number 3.[1] In discussing this particular requirement, the Supreme Court explained:

> We are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Ordinarily, the right to present evidence is basic to a fair hearing; but the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution. We should not be too ready to exercise oversight and put aside the judgment of prison administrators. It may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the Committee to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases. Any less flexible rule appears untenable as a constitutional matter, at least on the record made in this case. The operation of a correctional institution is at best an extraordinarily difficult undertaking. Many prison officials, on the spot and with the responsibility for the safety of inmates and staff, are reluctant to extend the unqualified right to call witnesses; and in our view, they must have the necessary discretion without being subject to unduly crippling constitutional impediments. There is this much play in the joints of the Due Process Clause, and we stop short of imposing a more demanding rule with respect to witnesses and documents.

---

[1] Plaintiff also alleges in his cross motion for partial summary judgment that Defendant Turner was not an impartial fact finder because he had already reviewed the evidence prior to the hearing, rushed Plaintiff during his defense, and "made statements like 'I don't care rather [sic] you do or not' after he asked the plaintiff do he [sic] understand and the plaintiff said he did not." (*See* Dkt. No. 55-1 at 12-13). The Court finds that these unsupported assertions, which were not alleged in Plaintiff's Complaint, are insufficient to raise a genuine issue of material fact as to whether Plaintiff received an impartial fact finder at his disciplinary hearing.

*Id.* at 566-67. Defendants argue, and Plaintiff does not dispute, that all witnesses Plaintiff requested to appear in person had either given statements to or were interviewed by SLED, and the SLED report provided a synopsis of the statements. (Dkt. No. 46-1 at 11-12; *see also* Dkt. No. 55-1 at 10 (Plaintiff arguing that the witnesses he wanted to call "were the witnesses who gave testimonial statements and interviews to the SLED investigators and the SLED investigators themselves")). Thus, to the extent the hearing officer should have allowed Plaintiff to call live witnesses at the disciplinary hearing, such error was harmless. *See Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004) (holding that Plaintiff could not succeed on due process claim where he had "not demonstrated that he was harmed by [a requested witness] testifying in writing rather than in person"); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (holding potential due process claim harmless where accused inmate did not explain how live testimony would have helped him); *see also Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991) (holding that "[i]n the absence of a recent pattern of violations, . . . it is entirely inappropriate to overturn the outcome of a prison disciplinary proceeding because of a procedural error without making the normal appellate assessment as to whether the error was harmless or prejudicial). Further, although Plaintiff alleges that he was denied the right to present documentary evidence at the disciplinary hearing, there is no evidence of this request, what documents he intended to introduce, or how the documents would have helped him. Thus, the Court finds that Plaintiff's allegations regarding Defendants' refusal to allow Plaintiff to present live witnesses and documentary evidence do not create a genuine issue of material fact as to whether his due process rights were violated.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has not created a genuine issue of material fact as to whether Defendants violated his due process rights at his disciplinary hearing.[2] Thus, Defendants' motion summary judgment is **GRANTED**, Plaintiff's motion for partial summary judgment is **DENIED**, and this case is hereby **DISMISSED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 19, 2012
Charleston, South Carolina

---

[2] Because the Court finds that the facts, viewed in the light most favorable to the Plaintiff, do not establish a violation of a constitutional right, the Court need not consider Defendants' qualified immunity defense. *See McKinney v. Richland Cnty. Sheriff's Dept.*, 431 F.3d 415, 417 (4th Cir. 2005) (explaining that the courts need not apply the qualified immunity doctrine and analyze whether a right was clearly established if the court finds that the facts do not establish a violation of a constitutional right in the first place).